**KAZEROUNI LAW GROUP A.P.C.**
Ross H. Schmierer, Esq. (RS-7215)
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Phone: (732) 588-8688
ross@kazlg.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Kyle Trauberman,<br><br>Plaintiffs,<br><br>-against-<br><br>CHW Group, Inc. d/b/a/ Choice Home Warranty,<br><br>Defendant. | Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Kyle Trauberman ("Plaintiff") brings this Complaint (the "Complaint") against defendant CHW Group, Inc. d/b/a/ Choice Home Warranty ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C §§ 227, *et seq.*

("TCPA") and invading the privacy of Plaintiff and the putative class. Specifically, Defendant has transmitted unsolicited telemarketing text messages without their consent in violation of the TCPA as well as its related regulations under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

2. Defendant transmitted these numerous unauthorized telemarketing text messages to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff even though Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry for many years.

3. By making such telephone solicitations, Defendant has invaded the personal privacy of Plaintiff.

4. The TCPA was enacted to protect consumers from unsolicited and unwanted text messages exactly like those alleged in this case.

5. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited text messages as well as an award of statutory damages for himself per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

6. Plaintiff Kyle Trauberman is an individual and citizen of Arizona.

7. Upon information and belief, Defendant is, and at all times mentioned herein was, a domestic corporation with its principal place of business located at 2147 Route 27 South 4th Floor Edison, NJ 08817. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New Jersey and within this judicial district.

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

10. The Court has general jurisdiction over Defendant because it's a domestic corporation.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy…." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems - principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

14. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential

lines. The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

15. Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

16. As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

17. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

18. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

19. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual

or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15-72, 30 F.C.C.R. 7961, 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id*. Thus, any second call placed to a wrong number violates the TCPA.

20. Although an entity may obtain prior express consent from a consumer, prior express consent may nevertheless be ***revoked***.

21. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

22. Under the TCPA, consumers are permitted to ***orally*** revoke prior express consent.

23. District Courts in the Third Circuit have recognized the validity of oral revocation. *See, e.g., Ruby v. DISH Network, LLC*, No. CV 18-0400, 2019 WL 1466746, at *1 n.1 (E.D. Pa. Mar. 26, 2019)("Consumers can revoke their consent orally."); *Watkins v. Wells Fargo Bank, N.A.*, No. CV 15-5712 (RMB/KMW), 2017 WL 2399086, at *6 (D.N.J. June 2, 2017) (noting that a plaintiff is permitted to orally revoke consent to be called on their cell phone by a creditor).

## FACTUAL ALLEGATIONS

24. Defendant provides certain warranty contracts to consumers and homeowners that purport to protect against the cost of unexpected repairs of their home systems and appliances that break down.

25. In Defendant's overzealous attempt to market its services, however, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls.

26. Defendant also patently violated (and continues to violate) the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

27. Through this method, Defendant has invaded the personal privacy of Plaintiff.

28. Defendant's unsolicited telemarketing phone calls also disturbed the solitude of Plaintiff.

## FACTUAL ALLEGATIONS AS TO THE PLAINTIFF

29. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in - 3806 ("Cell").

30. Plaintiff is the sole user and/or subscriber of his Cell and is financially responsible for phone service to his Cell.

31. Plaintiff's Cell is used solely for "residential" purposes.

32. Before Defendant first initiated its unsolicited communications, Plaintiff did not provide Plaintiff's Cell number to Defendant through any medium.

33. Plaintiff also never entered into a business relationship with Defendant.

34. In addition, Plaintiff did not provide Defendant with his express written consent to be contacted for marketing purposes.

35. Nevertheless, Defendant inundated Plaintiff with illegal text messages.

36. By way of example only, Plaintiff received the following unsolicited telemarketing text messages from Defendant:

**- INTENTIONALLY LEFT BLANK -**


8:00
◀ Docs
81
59
62124
Thursday 8:00 AM
CHW: Rain's coming... Keep the leaks out!
Claim FREE* limited roof repair + 1 month of FREE* coverage now: choicehome.attn.tv/aSfVnHyisiYE
Yesterday 3:00 PM
CHW: Trick or treat? You'll have to click to find out.
Reveal your deal + claim 1 month FREE* now: choicehome.attn.tv/ad4SB3lxDibJ
Today 8:00 AM
CHW: Trick or treat? You'll have to click to find out.
Reveal your deal + claim 1 month FREE* now: choicehome.attn.tv/alzrblOjlSXU
Text Message • SMS

37. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

38. In addition, Plaintiff's Cell was registered with the National Do Not Call Registry on August 14, 2007.

39. Plaintiff, ***himself*** and not any other person or third party, registered the Cell with the National Do Not Call Registry.

40. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call.

41. Despite its obligations under the TCPA, Defendant unlawfully solicited Plaintiff on his Cell as alleged with specificity herein.

42. Upon information and belief, Defendant did not make the telephone solicitations to Plaintiff and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

43. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations to Plaintiff in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

44. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

45. Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with intrusion upon seclusion.

46. Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing resembles the kind of harm associated with intrusion upon seclusion.

47. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class:

DNC Class

> All persons within the United States (1) registered on the National Do Not Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

49. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

50. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

51. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the thousands, if not more.

52. Thus, the members of the Class are so numerous that joinder of all of them is impracticable, and this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

53. The members of the Class are ascertainable because the Class is defined by objective criteria and the Class members can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

54. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

55. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

56. Common questions for the Class include, without limitation:

a. Whether Defendant's conduct violated the TCPA;

b. Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

c. Whether Defendant transmitted text messages to consumers registered on the National Do Not Call Registry; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

57. As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class.

58. Plaintiff and the Class suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, and suffered damages as a result of the Defendant's uniform unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

59. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

60. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

61. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

62. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

63. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

64. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

65. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

66. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

67. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured

**COUNT I**

**NEGLIGENT VIOLATIONS OF THE TCPA 47 U.S.C. § 227 *ET SEQ***

68. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

69. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on

the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

70. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

71. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

72. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

73. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq., including implementing regulation 47 C.F.R. § 65.1200(c).

74. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to Plaintiff who registered his telephone number on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

76. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING/WILLFUL VIOLATIONS OF THE TCPA 47 U.S.C. § 227 *ET SEQ*

78. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

80. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

81. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and appointing the law firm representing Plaintiff as Class Counsel;

b. An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

c. On the First Cause of Action and as a result of Defendant's negligent violations of the TCPA's implementing regulations, Plaintiff seeks for herself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys'

fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

d. On the Second Cause of Action and as a result of Defendant's knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks for herself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

e. Post-judgment interest as allowed by applicable law; and

f. Any other further relief that the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 17, 2025

**KAZEROUNI LAW GROUP, A.P.C.**

By: ______________________________
Ross H. Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(732) 588-8688
ross@kazlg.com

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: November 17, 2025

By: *s/ Ross H. Schmierer*
Ross H. Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(T): (856) 259-4800
ross@kazlg.com
*Attorneys for Plaintiff*